UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA PURSUANT
TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR
ONE E-MAIL ACCOUNT SERVICED BY
1&1 MAIL & MEDIA INC.

ML No. _____

*Reference:   DOJ Ref. # CRM-182-63016;*
*Subject Account: aaronking@scotlandmail.com*

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance between the United States of America and the European Union signed 25 June 2003, as to the application of the Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters signed 6 January 1994, U.K.-U.S., Dec. 16, 2004, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Instrument"), to execute a request from the United Kingdom of Great Britain and Northern Ireland ("the United Kingdom"). The proposed Order would require 1&1 Mail & Media, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Chesterbrook, Pennsylvania, to disclose certain records and other information pertaining to the PROVIDER account associated with aaronking@scotlandmail.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the

United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Instrument Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute the United Kingdom's request has been duly

2

authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in the United Kingdom in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in the United Kingdom are investigating a 13-year old male living in Scotland and using the alias "Aaron King" ("King") for bomb threat offenses, which occurred on February 3, 2018, in violation of the criminal law of the United Kingdom, specifically, Section 51(2) of Scotland's Criminal Law Act 1977. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from the United Kingdom to provide the requested records to assist in the criminal investigation

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

and/or prosecution. Under the Instrument, the United States is obligated to render assistance in response to the request.

6. According to authorities in the United Kingdom, on February 3, 2018 at approximately 7:41 am local time, Ayrshire College, a secondary school in Kilmarnock, Scotland, (the "College"), received an e-mail from an unknown person using the e-mail address aaronking@scotlandmail.com. The e-mail stated, in part, the following: "There are 3 bombs hidden in the Building . . . the bombs will be detonated at 11:30 today."

7. The College was evacuated and a full sweep of the College was performed by Scottish authorities. No suspicious packages were found, but the College was closed for the remainder of the day.

8. Based on a contact number in the e-mail, Scottish authorities have identified King as a potential suspect. As a result, authorities in the United Kingdom are seeking subscriber and transactional records for the e-mail address aaronking@scotlandmail.com to determine whether King or other unknown individuals were involved in the bomb threat and to determine the nature and scope of the suspect(s)'s activities.

## REQUEST FOR ORDER

9. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in the United Kingdom identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of

Attachment A to the proposed Order within ten days of receipt of the Order.

10. In the Request, the United Kingdom requests that any records generated by PROVIDER be certified in a manner that would render them admissible in a potential court proceeding in the United Kingdom. Under the law of Scotland, records created in the usual and ordinary course of business of an entity located in a foreign jurisdiction are admissible, if they are accompanied by a certificate and witness statement setting forth basic information about the records and the entity that generated the records. A certificate and witness statement conforming to the requirements is included as Attachment B to the proposed Order. Accordingly, the United States requests that PROVIDER be directed to complete and provide the certificate and witness statement included as Attachment B to the proposed Order along with the responsive records. *See* 18 U.S.C. § 3512(a) (court "may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses").

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _____
        Martyna Pospieszalska
        Trial Attorney
        NY Bar Number 5018528
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W., Suite 800
        Washington, D.C. 20530
        (202) 598-8012 telephone
        (202) 514-0080 facsimile
        Martyna.Pospieszalska@usdoj.gov

## Relevant Provision of Scotland's Criminal Law Act 1977

### Section 51(2)

(1) [. . .]
(2) A person who communicates any information which he knows or believes to be false to another person with the intention of inducing in him or any other person a false belief that a bomb or other thing liable to explode or ignite is present in any place or location whatever is guilty of an offence.
(3) For a person to be guilty of an offence under subsection . . . (2) above it is not necessary for him to have any particular person in mind as the person in whom he intends to induce the belief mentioned in that subsection.
(4) A person guilty of an offence under this section shall be liable –
   a. on summary conviction, to imprisonment for a term not exceeding six months or to a fine not exceeding £1,000, or both;
   b. on conviction on indictment, to imprisonment for a term not exceeding seven years.

## ATTACHMENT A

**I.  The Account**

The Order applies to certain records and information for any 1&1 Mail & Media, Inc. ("PROVIDER") account associated with the following identifier(s):

aaronking@scotlandmail.com

and any preserved data and/or preservation numbers associated therewith.

**II.  Records and other information to be disclosed**

**A. Information about the customer or subscriber of the Account**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the account or identifier listed in Part I of this Attachment (the "Account") constituting information about the customer or subscriber of the Account:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account for the time period from January 27, 2018, to and including February 10, 2018, constituting all records and other information relating to the Account (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3. Identification of any PROVIDER account(s) that are linked to the Account by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account.

## ATTACHMENT B

ANNEX A

Form of certificate

I, [*insert name, address and title of office held*], being the authorised representative of [*insert name of business*] which is in possession and control of the originals of the copy documents listed below,

HEREBY CERTIFY

1. that the documents listed below are <u>true copies</u> of the originals which are in the possession and control of [*insert name of business*] of which I am the authorised representative.

2. that the documents listed and described below and to which this certificate is attached are documents <u>kept</u> by a business namely, [ *insert name of business*].

[*Signed*]
[*Authorised capacity in which certificate signed*]

[*Date*]

[*List 1 – list and describe documents*]

ANNEX B

Form of Witness Statement

Name

Date of birth

Address

Occupation

STATES:

I am a representative of [...*insert business name*...], a business which carries on [...*briefly describe nature of business*...].

In my capacity as [...*insert job title*...] I am authorised to [... *describe extent to which witness can speak for the business in relation to its records* ...].

I am shown

Production No. ...                CERTIFICATE dated ...

That is a certificate authenticating copies of a number of our business documents as being <u>true copies</u> of the originals, and certifying that the documents are documents <u>kept</u> in the course of the business.

The certificate [... *was / was not* ...] prepared by me.

I am now shown

Productions No. ...        COPY DOCUMENT dated ...
                           COPY DOCUMENT dated ...
                           COPY DOCUMENT dated ...
                           COPY DOCUMENT dated ...

These are the copies referred to and listed in the certificate.

I can confirm that each of the original documents was <u>created or received</u> in the course of the business.

I see that

| | |
|---|---|
| Productions No. | COPY DOCUMENT dated … |
| | COPY DOCUMENT dated … |
| | COPY DOCUMENT dated … |
| | COPY DOCUMENT dated … |

contain statements about [*insert a description of the nature of the information contained in the documents*]

These statements were made on the basis of information supplied by [*insert details of the persons or type of persons supplying the information to the business*] who are persons who may reasonably be supposed to have had personal knowledge of the matters dealt with in the statements because [ *explain how the witness knows this, or what the system was for gathering such information by the business etc…*].

[*If applicable*]   The statements were made on the basis of information that was supplied indirectly through a number of persons, namely [*name or describe the category or persons through whose hands the information would have passed before being recorded in the documents*]
Each of these persons both received and supplied the information in the course of the business because [*… explain how the witness is in a position to speak about the links in the information-handling chain …*]

I have had no other personal dealings [ *… or describe such further personal involvement …*] with

| | |
|---|---|
| Productions No. … | COPY DOCUMENT dated … |
| | COPY DOCUMENT dated … |
| | COPY DOCUMENT dated … |
| | COPY DOCUMENT dated … |

I can confirm that the statements I have referred to in them would have been relied up on by [ *… the business …*] as being true and accurate for the purposes of our commercial affairs.

I [*…am /am not…*] willing to travel to Scotland to give the above evidence as a witness in court.

I [*…am/am not…*] willing to give the above evidence by way of live video link.

I [ … *do/do not* …] require an interpreter to give the above evidence in English.

[Signed]
Date
Place